UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHAEL KIMBLE                          CIVIL ACTION

VERSUS                                  NUMBER 14-67-JJB-SCR

AMERICA FIRST INSURANCE COMPANY


### NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 4, 2014.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHAEL KIMBLE                          CIVIL ACTION

VERSUS                                  NUMBER 14-67-JJB-SCR

AMERICA FIRST INSURANCE COMPANY

### MAGISTRATE JUDGE'S REPORT

Before the court is a Motion to Remand filed by plaintiff Michael Kimble.  Record document number 5.  The motion is opposed.[1]

Plaintiff filed a Petition for Damages in state court against defendant America First Insurance Company to recover personal injury damages resulting from an automobile accident that occurred on April 20, 2012.  Plaintiff alleged that he received the policy limits from the other driver's insurer, but his damages exceeded that amount.  Plaintiff asserted he submitted satisfactory proof of loss to the defendant, his uninsured motorist insurance carrier, but the defendant wrongfully denied coverage.  In addition to damages under the policy, the plaintiff sought attorney's fees and penalties under LSA-R.S. 22:1892 and LSA-R.S. 22:1973 for the defendant's arbitrary and capricious denial of coverage.

Defendant removed the case to this Court, asserting subject

---

[1]   Record document number 6.   Plaintiff filed a reply memorandum.   Record document number 7.   Two additional reply memoranda were filed by the plaintiff, but they are not substantively different from the first reply memorandum.   Record document numbers 10 and 12.  Defendant filed a sur-reply.  Record document number 14.

matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.[2] Defendant argued that the required jurisdictional amount is established based on the amount of the policy limits, the plaintiff's settlement demands, and the plaintiff's request for an award of penalties and attorney's fees under Louisiana law.

Plaintiff moved to remand and argued that it is facially apparent from the allegations in the petition that the jurisdictional amount required under § 1332(a) is not met. In support of this argument, the plaintiff relied on the allegation in his petition stating that the claim was not believed to exceed $75,000.00.[3] Plaintiff also argued that the settlement demands relied on by the defendant to establish the jurisdictional amount by are inadmissable under Rule 408, Fed.R.Evid. Therefore, plaintiff argued, it is not facially apparent from the petition that the amount in controversy is less than $75,000 and the defendant has no evidence that it is. In the alternative, the plaintiff "stipulate[d] that his damages in the instant proceeding

---

[2] Defendant alleged citizenship as follows: plaintiff is a citizen of Louisiana and defendant is a foreign insurance company incorporated under the laws of New Hampshire with its principal place of business in Massachusetts. Record document number 1, Defendant America First Insurance Company's Notice of Removal, ¶¶ 9, 10. Diversity of citizenship is not disputed.

[3] Record document number 1-2, Petition for Damages, ¶ 13. Plaintiff alleged, "Upon information and belief at this time, Plaintiff's damages will not exceed $75,000.00."

do not exceed $75,000.00 exclusive of interest and costs."[4]

Plaintiff also sought an award of costs and expenses, including attorneys' fees, incurred as a result of filing this motion. Plaintiff argued that the low amounts tendered by the defendant to the plaintiff under the UM policy prior to the filing of this lawsuit demonstrate the defendant knew that the suit was not valued over $75,000 and removed this action in bad faith.

## Applicable Law

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

If a case is removed based on diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, if the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)-(B). This is the case in Louisiana - plaintiffs in Louisiana state courts may not plead

---

[4] Record document number 5, Motion to Remand, ¶ 4.

a numerical value of claimed damages.[5]  Therefore, in the Fifth Circuit for cases removed from Louisiana courts, the established a framework for resolving disputes over the amount in controversy is as follows.  The removing defendant must show, by a preponderance of the evidence, that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts - preferably in the removal petition, but sometimes by affidavit - which support finding that the required amount is present.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).[6]

Whatever the manner of proof, the jurisdictional facts that

---

[5] Louisiana Code of Civil Procedure Article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."

[6] *See, Washington-Thomas v. Dial America Marketing, Inc.*, No. 12-340, 2012 WL 5287043 (W.D. Tex. Oct. 23, 2012); *Firmin v. Richard Const., Inc.,* No. 12-1391, 2012 WL 5332998 (E.D. La. Oct. 26, 2012) (new provision of § 1446(c)(2) of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758 (2011), is consistent with the Fifth Circuit approach in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 when plaintiffs do not request a specific amount in damages).

support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883.  If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction.  *Id.; Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal.  *Id.*  If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.  *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

## Analysis

It is not facially apparent from the plaintiff's petition that his claims exceed $75,000, exclusive of interest and costs. Plaintiff's allegations concerning his damages are generic and devoid of any description of the medical injuries he allegedly

sustained.

But neither is it facially apparent from the petition that the plaintiff's claims are for less than $75,000.  Although the plaintiff included an allegation stating that he believed his damages were less than the required jurisdictional amount, his recovery in state court is not limited by this allegation.[7]  The language used in this allegation did not affirmatively waive his right to a judgment in excess of the jurisdictional amount.  Because the plaintiff's allegation relevant to determining the jurisdictional amount are ambiguous, they can be considered in light of other evidence.[8]

Defendant relied on the policy limits and the plaintiff's settlement demands made prior to filing suit to demonstrate that the plaintiff is seeking damages in excess of $75,000.[9]  Plaintiff's argument that the letters are inadmissable under Rule 408 is without merit.  This court has previously held that settlement demand letters can be considered in determining the

---

[7] *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 389 (5th Cir. 2009).

[8] *See*, *In re 1994 Exxon Chemical Fire*, 558 F.3d at 388; *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, 2 (M.D.La. Dec. 14, 2007); *Joseph v. State Farm Mut. Auto. Co.*, No. 11-122, 2011 WL 2899127 (E.D.La. July 18, 2011).

[9] Record document number 1-3, Exhibits C, D and E.

amount in controversy.[10]

The first demand letter, dated August 3, 2012, indicated that the plaintiff suffered two serious herniated discs as a result of the accident. Plaintiff's counsel later asserted in his December 26, 2012 letter that the two herniations are significant in size and are contacting/deforming the plaintiff's spinal cord. Plaintiff's counsel consistently stated in his letters that the plaintiff's injuries will exhaust the policy limits of $100,000 and referenced allegedly similar cases, all of which had damage awards in amounts greater than $100,000. In his final demand letter dated November 29, 2013, the plaintiff's counsel offered a settlement in the amount of $95,000.00.

These letters demonstrate that at the time of removal the plaintiff believed he was entitled to recover for serious injuries, and the compensatory damages he sought exceed the jurisdictional threshold without even considering the penalties requested under Louisiana law   Thus, the defendant has met its burden of proving that the amount in controversy existed at the time of removal.

Plaintiff failed to provide any evidence to contradict these facts or demonstrate that his claim was for less that the last

---

[10] *Carver v. Wal-Mart Stores, Inc.,* No. 08-42, 2008 WL 2050987 (M.D.La. May 13, 2008); *Haydel v. State Farm Mutual Automobile Ins. Co.,* No. 07-939, 2008 WL 2781472 (M.D.La. July 11, 2008); *Morris v. Granite State Ins.,* No. 08-516, 2009 WL 579244, (M.D. La. Mar. 5, 2009); *Fairchild v. State Farm Mutual Automobile Ins. Co.,* 907 F.Supp. 969, 971 (M.D.La. 1995).

settlement amount he demanded.  With respect to the plaintiff's jurisdictional allegation in his petition, this allegation alone does not satisfy the plaintiff's burden since Louisiana law would not limit his recovery to less than $75,000 if he later sought a larger amount or the evidence supported a larger award.[11] Plaintiff's purported stipulation included in his Motion to Remand is ineffective for two reasons.  First, it was submitted after the removal and therefore cannot be used to divest the Court's jurisdiction by reducing the amount of his claim.[12]  Second, the plaintiff did not sign or verify the stipulation, and thus he would not be bound by it under Louisiana law.[13]  Plaintiff has not shown to a legal certainty that the amount in controversy is less than $75,000.

---

[11] See, e.g. *Tureaud v. Markel Ins. Co.*, No. 10-1853, 2010 WL 3952276 (E.D.La. Oct. 7, 2010) (pre-removal stipulation to amount of damages but without waiver of right to collect more than $75,000 not sufficient for remand); *Griffin v. Georgia Gulf Lake Charles, LLC*, 562 F.Supp.2d 775 (W.D.La. 2008)(allegation in petition accompanied with plaintiff's sworn verification found insufficient as plaintiff did not expressly waive award over $75,000; post-removal stipulation was untimely).

[12] *Carver v. Wal-Mart Stores, Inc.*, No. 08-42, 2008 WL 2050987, 4 (M.D.La. May 13, 2008)(post-removal affidavits limiting damages are not considered once defendant proves by a preponderance of the evidence that the amount in controversy existed at the time of removal).

[13] Plaintiff did not cite any Louisiana case which forever limits a plaintiff's recovery based on a stipulation signed only by the plaintiff's attorney.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion to Remand be denied.

Baton Rouge, Louisiana, April 4, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

9